UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE VERIFONE SECURITIES LITIGATION | Case No. 5:13-CV-01038-EJD <br><br> **CLASS ACTION** <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> **[Re: Docket No. 75]** |

## I. INTRODUCTION

Presently before the Court in this putative class action is Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint ("AC"). Docket Item No. 75. Defendants are VeriFone Systems, Inc. ("VeriFone"), Douglas G. Bergeron ("Bergeron"), and Robert Dykes ("Dykes") (collectively, "Defendants"). Per Civil Local Rule 7-1(b), the motion was taken under submission without oral argument. Having fully reviewed the parties' pleadings, the Court will grant Defendants' Motion to Dismiss the Amended Complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND

VeriFone is a leading global provider of electronic payment services and value-added services at the point of sale. Docket Item No. 71 at ¶ 2. Plaintiffs represent the Class of all persons who purchased or otherwise acquired VeriFone stock between December 14, 2011 and February

1

20, 2013 (the "Class Period").  The Class excludes Defendants, VeriFone officers and directors, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

VeriFone's core business was hardware based, but during the Class Period VeriFone transitioned to a services-dominated business model based on payment-as-a-service ("PaaS").  Id. ¶ 50.  In this transition, VeriFone reallocated a significant amount of its research and development ("R&D") spending and made various acquisitions both before and during the Class Period.  Id. ¶¶ 30, 50.  Plaintiffs assert Defendants made no statements of anticipated revenue decline as a result of the transition.  Id. ¶ 52.

In the AC, Plaintiffs assert that during the Class Period, "Defendants made a series of false and/or misleading statements regarding [VeriFone's] growth and revenues."  Id. ¶ 4.  Plaintiffs also assert that Defendants "deceived the investing public regarding VeriFone's transitioning business model, organic revenue growth, illegal sales to Iran, deterioration of its distribution network, premature revenue recognition, the adequacy of its R&D investment, and the intrinsic value of VeriFone common stock."  Id. ¶ 25.

In the AC, Plaintiffs outline VeriFone's core business operations, recent acquisitions, and sources of revenue.  Id. ¶¶ 26-32.  Then, Plaintiffs outline statements made by a variety of confidential witnesses and third party analysts in support of their allegations that (a) VeriFone prematurely recognized revenue, (b) VeriFone failed to disclose its alleged failure in transitioning its business model from a hardware based business to one of recurring service revenues, (c) VeriFone failed to disclose material issues related to the integration of its acquisitions, (d) VeriFone obscured its organic growth with revenue generated by its acquisitions, (e) VeriFone failed to disclose the disruption to its Middle East distribution channels, (f) weak European demand did not cause VeriFone to miss its revenue guidance, (g) VeriFone's credit card processing software (PAYware) was an "undisclosed failure", and (h) VeriFone's forecasts did not sufficiently account for issues with collections and cash flow.  Id. ¶¶ 34-75.

Additionally, Plaintiffs recount a variety of statements made by Defendants in press releases, conference calls, and SEC filings between December 14, 2011 and December 19, 2012. Id. ¶¶ 76, 78-101. Plaintiffs then allege that those statements made by Defendants:

> . . . were materially false and/or misleading because they misrepresented and/or failed to disclose the following adverse facts, which were known to defendants or recklessly disregarded by them, including that: (i) [VeriFone] had not sufficiently maintained R&D spending in the hardware portion of the business . . . resulting in a material loss of market share; (ii) [VeriFone] . . . fail[ed] to disclose that the transition from a hardware-centric model to a services-based business required . . . several quarters of lowered profitability to get the right services and hardware products mix; (iii) [VeriFone] lacked adequate internal and financial controls and recorded revenue improperly; and (iv) the revenue guidance for the first quarter of 2013 was provided without a reasonable basis and was known to be unreliable.

Id. ¶ 102.

Finally, Plaintiffs reiterate that statements made during the Class Period were materially false and/or misleading, and failed to disclose material adverse facts about VeriFone's business, operations, status and its prospects and performance. Id. ¶ 103. Plaintiffs note that on February 4, 2013, VeriFone announced that Dykes was retiring, and following the announcement VeriFone shares declined 2.5%. Id. ¶ 105. Plaintiffs recount that on February 20, 2013, VeriFone issued a press release disclosing the preliminary financial results for the first fiscal quarter of 2013, stating that VeriFone expected to report quarterly Generally Accepted Accounting Principles ("GAAP") net revenue between $424-428 million. Id. ¶ 106. The average analyst expectation had been for net revenue of $492 million. Id. VeriFone attributed these lower than expected results to the following factors: (1) weak macroeconomic conditions in Europe, (2) missed revenue opportunities due to increased focus in long-term service initiatives at the expense of short-term hardware and software features and customization projects, (3) an increase in deferred revenue during the quarter related to shipments made to customers in the Middle East and Africa, (4) lower than anticipated revenue out of Brazil, (5) political and economic uncertainty in Venezuela, (6) customer delays of major projects, and (7) a cancelled Washington, D.C. taxi project. Id. After the February 20, 2013 press release, VeriFone's stock decreased $13.65 per share (nearly 43%) to close at $18.24 on February 21, 2013. Id. ¶ 110.

3
Case No. 5:13-CV-01038-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1    Plaintiffs filed their original Complaint on March 7, 2013.  Docket Item No. 1.  The Court

2 issued an order appointing lead plaintiffs and counsel on October 7, 2013.  Docket Item No. 59.

3 On December 16, 2013, Plaintiffs filed the AC, asserting securities fraud claims against VeriFone

4 under section 10(b) and 20(a) of the Securities Exchange Act and the accompanying rule 10b-5.

5 Dkt. No. 71 ¶ 1.

6    On February 14, 2014, Defendants filed a Motion to Dismiss the AC for failure to state a

7 claim under section 10(b).  Dkt. No. 75.  Plaintiffs responded on April 15, 2014 (Docket Item No.

8 76) and Defendants replied to Plaintiffs' Opposition on May 16, 2014 (Docket Item No. 79).

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.

Claims which sound in fraud are subject to a heightened pleading standard.  Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'").  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the

4

misrepresentations." <u>Swartz</u>, 476 F.3d at 764. In other words, these claims must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555.

**IV. DISCUSSION**

Plaintiffs allege that Defendants violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b), 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. This Court has jurisdiction pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa.

Defendants move to dismiss Plaintiffs' AC based on Plaintiffs' failure to state a claim under section 10(b) and Rule 10b-5.[1] Defendants specifically argue that Plaintiffs fail to plead (1) an actionable misrepresentation or omission, (2) scienter, and (3) loss causation. Section 10(b) of the Exchange Act prohibits the use of deception "in connection with the purchase or sale of any security" in contravention of any rules or regulations promulgated by the Securities Exchange Commission. 15 U.S.C. § 78j(b). Rule 10b-5 prohibits the use of an "untrue statement of a material fact" or the omission of any material fact which would be "necessary in order to make the statements made, in light of the circumstances . . . not misleading" in connection with the purchase or sale of a security. 17 C.F.R. § 240.10b-5(b). A valid claim under section 10(b) of the Exchange

---

[1] Plaintiffs' claim under section 20(a) is dependent on their ability to successfully plead a claim under section 10(b). <u>See</u> 15 U.S.C. § 78t(a) ("Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable . . . to the same extent as such controlled person . . . .").

5
Case No. 5:13-CV-01038-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Act and the accompanying Rule 10b-5 requires that a plaintiff establish six elements: (1) a material misrepresentation or omission of fact; (2) scienter; (3) connection with the sale of a security; (4) transaction causation; (5) economic loss; and (6) loss causation. See Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005).

As pleadings under section 10(b) assert fraud, they are held to the heightened pleading standard of Rule 9(b), which requires the complaint "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Pleadings under section 10(b) are also held to a heightened standard under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. § 78u-4. The PSLRA requires that the complaint specify each statement alleged to be misleading and the reason or reasons it was misleading. 15 U.S.C. § 78u-4(b)(1)(B). The complaint must include "specific facts indicating why those statements were false." Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1070 (9th Cir. 2008). For an omission to be deemed misleading, and therefore actionable, it "must affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." Brody v. Transitional Hosps. Corp., 280 F.3d 997, 1006 (9th Cir. 2002). A plaintiff "must specify the reason or reasons why the statements made . . . were misleading or untrue, not simply why the statements were incomplete." Id. If the complaint fails to meet the PSLRA pleading requirements, "the court shall, on the motion of any defendant, dismiss the complaint." 15 U.S.C. § 78u-4(b)(3)(A).

The Court finds that Plaintiffs have not met the pleading standard because they have failed to sufficiently plead with particularity any misleading statement or omission of material fact. Plaintiffs recount a variety of statements made by VeriFone representatives and then assert that "the statements referenced . . . were materially false and/or misleading because they misrepresented and/or failed to disclose . . . adverse facts" relating to VeriFone's business plans, financial controls, and revenue recognition and guidance. Dkt. No. 71 ¶ 102-03. However, Plaintiffs fail to individually identify the specific statements asserted to be "false and/or misleading," or provide specific facts or reasons to show how each statement was false or misleading. See Metzler, 540 F.3d at 1070 ("A litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false, does not meet [the PSLRA pleading] standard.").

Thus, the Court finds that the alleged false and misleading statements or omissions are not sufficiently specifically identified.

In their Opposition, Plaintiffs assert that they sufficiently plead falsity and the reasons that each statement was false, citing a few statements not previously specifically identified in supporting their assertions. Dkt. No. 76. However, it is the complaint, not the opposition, which must identify each misleading statement or omission and provide the reason or reasons it is misleading. See 15 U.S.C. § 78u-4(b)(1)(B). As Plaintiffs fail to "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading," Plaintiffs have failed to meet the falsity pleading requirements set forth under the PSLRA. For the same reasons, the Court also finds that Plaintiffs fail to plead with particularity the circumstances constituting fraud, as required by Rule 9(b). See Fed. R. Civ. P. 9(b).

## V.  CONCLUSION

As Plaintiffs have failed to meet the heightened pleading standard required under Rule 9(b) and the PLSRA, Plaintiffs have not stated a valid claim under section 10(b) and Rule 10b-5. Therefore, Defendants' Motion to Dismiss is GRANTED with leave to amend.

**IT IS SO ORDERED**

Dated: August 8, 2014

_____
EDWARD J. DAVILA
United States District Judge